[No. B202422. Second Dist., Div. Eight. Nov. 25, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICIA KIMBELL, Defendant and Appellant.

## COUNSEL

Kiana Sloan-Hillier, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and A. Scott Hayward, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BIGELOW, J.**—Patricia Kimbell appeals from a conviction following a jury trial. She contends the sentencing enhancements based on her prior convictions should be stricken because the jury was officially discharged before a trial on her prior convictions could be held and the trial court was without jurisdiction to reconvene it. Kimbell also argues the trial court miscalculated her presentencing credits. We modify the judgment to reflect the correct number of conduct credits and affirm in all other respects.

## FACTS

On May 21, 2007, Kimbell was speeding on a residential street when police officers in a patrol car attempted to pull her over. She then led the officers in a high-speed car chase. After the officers used a PIT[1] maneuver to stop her, Kimbell rammed into one of the patrol cars, causing minor injuries to two officers. Kimbell exhibited signs of intoxication, but refused to perform a sobriety test.

In an information, Kimbell was charged with two felony counts of assault on a peace officer (Pen. Code, § 245, subd. (c)), one felony count of driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)), one felony count of evading a police officer (Veh. Code, § 2800.2, subd. (a)), and one misdemeanor count of driving with a suspended license for a prior DUI conviction (Veh. Code, § 14601.2, subd. (a)). The information further alleged Kimbell suffered one prior strike, two prior prison terms and three prior DUI convictions. Trial on the priors was bifurcated from trial on the People's case-in-chief. The jury convicted Kimbell on all counts.

After the verdict was announced, the trial court advised the jury: "Ladies and gentlemen, you have now completed your jury service in this case. On behalf of all the judges of the court, please accept my thanks for your time and effort. Now that the case is over, you may choose whether or not to discuss the case and your deliberations with anyone. [¶] Let me tell you about some rules the law puts in place for your convenience and protection. The lawyers in this case, the defendant, or their representatives may now talk to you about the case, including your deliberations or verdict. Those discussions must occur at a reasonable time and place and with your consent [¶] . . . [¶] Again, thank you for your service. You're all excused."

Before the jury left the box, however, the prosecutor advised the court that the jury was still needed for a trial on Kimbell's prior convictions. After

---

[1] In a PIT (pursuit intervention technique) maneuver, a squad car hits the rear side panel of the evading car and causes it to spin 180 degrees to a stop.

discussion with counsel, the court determined it was within its power to reconvene the jury for the trial on the prior conviction. Kimbell, upon advice of counsel, then waived her right to a jury trial on the issue and admitted the prior conviction. Kimbell was sentenced to 13 years in state prison.

## DISCUSSION

### I. *The Trial Court Could Reconvene the Jury*

Kimbell contends all findings and sentencing enhancements based on her prior conviction should be stricken because the trial court improperly discharged the jury before trial on her priors and was without jurisdiction to reconvene it. We disagree.

■ The following rules have been derived from a line of cases addressing this issue: Once a complete verdict has been rendered under Penal Code section 1164[2] and the jurors discharged, the trial court has no jurisdiction to reconvene the jury even if the jury is still under the court's control. However, if the verdict is incomplete or otherwise irregular, the court retains jurisdiction to reconvene the jury if the jury has not yet left the court's control. (*People v. Hendricks* (1987) 43 Cal.3d 584, 597 [238 Cal.Rptr. 66, 737 P.2d 1350] (*Hendricks*), and cases cited therein.) "The rule rests on two bases. First, in cases in which the jury renders a complete verdict, the rule is designed to protect the verdict as an operative fact. . . . [¶] Second, in all cases—and therefore fundamentally—the rule is designed to guarantee a fair trial, controlled by the court and shielded from outside influences." (*Ibid.*)

In *People v. Shaffer* (1987) 195 Cal.App.3d 939, 942 [241 Cal.Rptr. 99] (*Shaffer*), Division Two of this court applied the above principles to similar facts. There, the trial court discharged the jury after a verdict was rendered on the underlying offense but before the bifurcated trial of the enhancement allegations began. When the trial court realized its mistake, the jury had not yet left the courtroom—they were back in the jury room after having met with the judge in chambers. (*Id.* at p. 941.) " '[W]ithin a matter of moments or minutes, . . . while there was general conversation in the jury room the clerk buzzed to indicate that the priors had not been attended to, and that is when the jury was reconstituted in the jury assembly room.' " (*Ibid.*) Defendant's motion to dismiss the enhancements was denied. On appeal, the

---

[2] Penal Code section 1164, subdivision (a) provides: "When the verdict given is receivable by the court, the clerk shall record it in full upon the minutes, and if requested by any party shall read it to the jury, and inquire of them whether it is their verdict. If any juror disagrees, the fact shall be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury shall, subject to subdivision (b), be discharged from the case."

court affirmed, holding that the record supported the trial court's finding that it had not lost control and exposed the jurors to any outside influence before trial on the prior convictions. (*Id.* at p. 942.)

Here, the jury had not even left the jury box when the prosecution brought the irregularity to the court's attention. There is no contention the jury was exposed to any outside influence. Nor is there any contention Kimbell was prejudiced. Instead, Kimbell attempts to hold the trial court to a hard and fast rule that the jury may not be reconvened once verbally told they were excused by the court. *Shaffer* and *Hendricks* hold otherwise.[3] We agree that the trial court retained jurisdiction to reconvene the jury.

The cases relied upon by Kimbell do not invalidate our conclusion. In *People v. Thornton* (1984) 155 Cal.App.3d 845 [202 Cal.Rptr. 448] and *People v. Lee Yune Chong* (1892) 94 Cal. 379 [29 P. 776], the juries were found to have been improperly reconvened the day after they were discharged and had been exposed to outside influences. In *People v. Peavey* (1981) 126 Cal.App.3d 44, 49 [178 Cal.Rptr. 520], after the verdict was received and recorded but the jury had not yet left the box, a juror indicated that she wanted to change her vote. The trial court properly found the verdict was complete within the meaning of Penal Code section 1164, and that it had no jurisdiction to reconvene the jury even though it retained control over it. (*Peavey*, at p. 49.) Here, the verdict was incomplete, the jury was still within the court's control and the court properly reconvened it.

## II.  *Kimbell Is Entitled to Additional Conduct Credit*

Kimbell also contends the trial court miscalculated her presentencing credits, finding the 15 percent limitation of Penal Code section 2933.1 applicable, and that she is entitled to 56 additional days of conduct credit. The Attorney General agrees and calculates that Kimbell should have been credited with 58 additional days. We conclude that the trial court did err, because Penal Code section 2933.1's 15 percent limitation on presentence custody credits is applicable only when a defendant's current felonies are violent, as listed in Penal Code section 667.5. While Kimbell's current felonies are categorized as serious, they are not listed as violent felonies and thus she should have received 58 additional days of conduct credit when the appropriate Penal Code section 4019 calculation is applied.

Under Penal Code section 4019, a defendant receives two days of conduct credit for each four-day block of time served. "The proper method of

---

[3] Kimbell's attempt to distinguish *Shaffer*, on the ground the jury was advised they "would be" discharged, is unavailing and misrepresents the facts of that case, since the *Shaffer* court stated, " 'I indicated to the jury that they were discharged from the case . . . .' " (*Shaffer, supra,* 195 Cal.App.3d at p. 941.)

calculating presentence custody credits is to divide by four the number of actual presentence days in custody, discounting any remainder. That whole-number quotient is then multiplied by two to arrive at the number of good/work credits. Those credits are then added to the number of actual presentence days spent in custody, to arrive at the total number of presentence custody credits. [Citations.]" (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1283 [122 Cal.Rptr.2d 924].) Having spent 116 days in custody, Kimbell was entitled to 58 additional days of conduct credit.

## DISPOSITION

The judgment is modified to reflect a total of 174 days of total presentence credit with 58 days of conduct credit. The court shall amend the abstract of judgment to reflect the modified presentence credit and forward copies to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

Cooper, P. J., and Rubin, J., concurred.