Filed 11/13/13  P. v. Hopkins CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B246160 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA077024) |
| v. | |
| DONALD ANDREW HOPKINS, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant Donald Andrew Hopkins appeals following his no contest plea to one count of battery upon a custodial officer in violation of Penal Code section 243.1[1] and admission of one prior strike conviction.  In accordance with the plea bargain to which defendant agreed, the trial court sentenced him to the low base term of 16 months, doubled to 32 months because of the prior strike conviction.

We appointed counsel to represent defendant on this appeal.  On May 15, 2013, counsel filed an "opening brief" in which he stated that he had failed to find any arguable issues.  On May 16, 2013, we informed defendant that he had 30 days in which to file a supplemental brief containing any issues he wished this

---

[*]     BOREN, P. J ., ASHMANN-GERST, J., CHAVEZ, J.

[1]     All further references to statutes are to the Penal Code unless otherwise stated.

court to consider. On June 25, 2013, we granted defendant an extension of time.

On July 16, 2013, defendant filed a supplemental brief in which he argues the following three grounds for appeal: (1) the trial court violated section 2900.5 by denying his motion regarding section 4019 and forcing him to go to state prison; (2) his appellate counsel's refusal to address issues he has raised creates a constitutional question; and (3) this court must be judicially stopped from using the *Pompa-Ortiz* prejudice burden when addressing pretrial commitment violations after judgment. (*People v. Pompa-Ortiz* (1980) 27 Cal.3d 519.)

We obtain the facts from the transcript of the preliminary hearing, since there was no trial. Charles Ray Mitchell testified that he was working as a security guard at an apartment complex where defendant was a tenant on March 14, 2011. He observed a young lady letting a man into the complex by means of an unauthorized entrance, and Mitchell made the man go to the front entrance and sign in. Defendant later went to see Mitchell and berated him for "interfering in his damn business." On the following day, defendant entered Mitchell's office and told him he was a dead man. Defendant left and returned with a cane in his hand. He repeated that Mitchell was a dead man, raised the cane, and tried to hit Mitchell. Mitchell jumped up and grabbed the cane before he was struck. Mitchell wrestled defendant to the floor and choked him until defendant was subdued. Police were called, and they arrested defendant.

When the detention officer attempted to obtain defendant's fingerprints, defendant pulled away and began cursing and yelling. Other officers held defendant back, and defendant kicked the detention officer. While being taken out, defendant spat at the detention officer, and defendant's spittle landed on the officer's face.

Defendant was charged in an amended information with assault with a deadly weapon in violation of section 245, subdivision (a)(1) (count 1) and battery upon a custodial officer in violation of section 243.1 (count 2). The information

2

alleged that defendant had suffered two prior convictions of a serious or violent felony. (§§ 667, subd. (a)(1); 667, (b)–(i); 1170.12, subd. (a)–(d).)

Although initially represented by the deputy public defender, defendant chose to represent himself. Defendant filed numerous motions, including a *Pitchess* motion,[2] a *Romero* motion,[3] a motion seeking production of court documents, a motion seeking transcripts of prior proceedings, a motion to suppress evidence, a motion under Code of Civil Procedure section 170.6, a motion under section 995, a motion to set aside the denial of that motion, and several others.

As noted, defendant eventually agreed to enter into a plea bargain. The remaining charges and allegations were to be dismissed or stricken, including the second strike allegation. The trial court informed defendant that any motions he had pending would be withdrawn because there was no longer any reason for the court to act on them, and it would no longer have jurisdiction. Defendant acknowledged that this was true.

Sentencing was continued, and on the day of sentencing defendant filed a document entitled, "Objection to court's calculation of pre-sentence credits" under section 4019. The court explained to defendant that, when sentencing a defendant after October 1, 2011, for a crime committed prior to that date, section 4019 required the court to apply the formula in effect at the time the crime was committed. The court noted that the date of defendant's offense was March 14, 2011, which fell between September 28, 2010 and October 1, 2011. Defendant was entitled to 624 actual days and 312 conduct credits, for a total of 936 days of total credits. The court told defendant he could appeal this ruling and the court would grant him a certificate of probable cause to do so.

Defendant filed a handwritten notice of appeal on January 8, 2013. The notice stated that defendant was appealing the pretrial rulings and judgments

---

[2]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[3]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

entered by the court on November 2, 2012, the day he entered into his plea bargain. The record does not contain a certificate of probable cause.

Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a guilty or no contest plea unless he or she has first obtained from the superior court a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) Despite this prohibition, two types of issues may still be raised on appeal after a guilty plea without first obtaining a certificate of probable cause: search and seizure issues and issues "regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75; see also Cal. Rules of Court, rule 8.304(b).)

"In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 76.) The certificate requirements of section 1237.5 "should be applied in a strict manner." (*People v. Mendez*, *supra*, 19 Cal.4th at p. 1098.)

The record shows that defendant obtained a very favorable plea bargain, which was nearly equal to the time he had already served. Previously, the district attorney had informed the court that defendant faced a maximum sentence of 10 years. Before the taking of the plea, the trial court expressly told defendant that all of the motions he had pending would not be adjudicated, and defendant stated that this was correct.

In light of clear evidence that defendant understood and agreed to all aspects of the terms of his plea, we must dismiss defendant's issue relating to what he terms "pre-trial commitment violations" (issue No. 3). When entering into a

4

plea bargain, defendant abandoned all pending motions and cannot seek to relitigate them; nor can he relitigate the motions denied below prior to his plea. These include the ones he mentions in his supplemental brief, i.e., the section 995 motion, the motion to reconsider, and the motions under Code of Civil Procedure sections 170.6 and 170.1.

With respect to defendant's credits argument (issue No. 1), which we address regardless of whether defendant obtained the certificate of probable cause, section 2900.5 provides that a person sentenced to state prison for criminal conduct is entitled to credit against the term of imprisonment for all days spent in custody before sentencing. (§ 2900.5, subd. (a).) In addition, section 4019 provides that a criminal defendant may earn additional presentence credit against his or her sentence for willingness to perform assigned labor (§ 4019, subd. (b)) and compliance with rules and regulations (§ 4019, subd. (c)). These forms of presentence credit are collectively called "'conduct credit.'" (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)

Defendant committed his crime on March 14, 2011. The version of section 4019 for crimes committed on that date became effective on September 28, 2010, and allowed for two conduct credit days for every six days of incarceration. The end result was that six days were deemed to have been served for every four days in actual custody. (Stats. 2010, ch. 426, § 2.)

The statute was subsequently amended to allow for four days being served for every two days of actual custody, but those amendments did not apply to defendant. (§ 4019, subd. (f); see Stats. 2011, ch.15, § 482 [applying to crimes committed on or after Jul. 1, 2011]; Stats. 2011, ch. 39, § 53 [applying to crimes committed on or after Oct. 1, 2011]; Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35 [applying to crimes committed on or after Oct. 1, 2011].) The changes were to apply prospectively only. (§ 4019, subd. (h); see *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9 [favorable change in § 4019 did not benefit the defendant "because it expressly applies only to prisoners who are confined . . . '*for a crime committed*

5

*on or after October 1, 2011'"*]; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52 ["[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011.  Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011."]; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553 ["In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011.  [Citation.]"].)

When the six-for-four-day ratio applies, as it does here, the correct method of calculating presentence custody credits is to divide by four the number of actual presentence days in custody, discounting any remainder.  That whole number is then multiplied by two to arrive at the number of conduct credits.  Those credits are then added to the number of actual presentence days spent in custody, to arrive at the total number of presentence custody credits.  (*People v. Kimbell* (2008) 168 Cal.App.4th 904, 908-909; see also *In re Marquez* (2003) 30 Cal.4th 14, 25-26.) Applying the proper formula, defendant was entitled to his 624 actual days, plus 312 conduct credits, for a total number of presentence custody credits of 936 days, which is what he was awarded.

Finally, we address defendant's second issue, in which he complains there are four claims he has unsuccessfully tried to have appellate counsel bring before this court:  (1) the failure to address pretrial writs on the merits makes the state commitment procedures inadequate and ineffective; (2) the superior court lost jurisdiction when erroneously handling and denying the motions under Code of Civil Procedure sections 170.6 and 170.1; (3) the inadequate state procedures have effectively written section 995 and Code of Civil Procedure sections 170.6 and 170.1 off the books, and (4) this court must be judicially stopped from using the prejudice burden outlined in *People v. Pompa-Ortiz, supra*, 27 Cal.3d at pages

6

529-530, since the ruling was based on the fact that this court summarily denied the pretrial writ that would prevent the superior court from accepting the guilty plea.

Appellate counsel is clearly cognizant of the fact that defendant's issues relating to his prejudgment writs and motions cannot be appealed without a certificate of probable cause, since they attack the validity of his plea. For this reason, defendant's counsel frames defendant's appeal as an appeal from the denial of defendant's postjudgment motion to award him additional days of presentence credits under section 4019. And counsel does not argue that defendant should have been granted credits on a four-for-two basis, because counsel is also aware that defendant does not have a valid claim under sections 4019 and 2900.5.

In any event, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), counsel has properly performed his duties. *Wende* states that the appellate court must perform its own review of the record in a case in which appointed counsel raises no specific issues. (*Id.* at p. 441.) If this court were to find an arguable issue among the issues raised by defendant or elsewhere in the record, we "should inform counsel for both sides and provide them an opportunity to brief and argue the point." (*Id.* at p. 442, fn. 3.) This is the proper procedure. Had we found any of defendant's issues arguable, appellate counsel would have briefed them for the court. Therefore, defendant has suffered no prejudice.

We have examined the entire record, including the transcripts of the hearings on defendant's *Pitchess* and *Marsden*[4] motions and his request to substitute investigators. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

---

[4]     *People v. Marsden* (1970) 2 Cal.3d 118.